IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RONALD PHILLIPS,

    Petitioner,

v.                                                     CASE NO. 5:15-cv-94-RH-GRJ

STATE OF FLORIDA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a motion for extension of time to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The Court informed Petitioner that it has no authority to grant Petitioner an extension of of 28 U.S.C. § 2244(d)(1) one-year federal habeas limitations period, but directed the Clerk to provide Petitioner with the necessary forms to complete a § 2254 Petition. (*Id.*) The Court directed Petitioner to file his Petition on or before August 13, 2015 and either pay the filing fee or move for leave to proceed as a pauper. (*Id.*) The Court informed Petitioner that failure to comply within the allotted time may result in a recommendation to the District Judge that the case be dismissed without further notice.[1] Petitioner did not comply, and the docket reflects that Petitioner has taken no action in this case since filing his initial motion for extension of time on April 30, 2015.

Petitioner's failure to comply with the Court's orders has the effect of saddling the

---

[1] Petitioner was also informed that if he failed to respond and the case is dismissed that any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. (*Id.*)

Court with a stagnant case. The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case[. ]" *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 998 (11th Cir.1983); *see also Burden v. Yates,* 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); *Hyler v. Reynolds Metal Co.,* 434 F.2d 1064, 1065 (5th Cir.1970) ( "It is well settled that a district court has inherent power to dismiss a case for failure to prosecute[.]"). Moreover, the Local Rules of the Northern District of Florida provide that when no satisfactory cause is shown as to why a case should not be dismissed, then the Court may dismiss an inactive case for want of prosecution. N.D. Fla. Loc. R. 41.1(A).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985). Here, Petitioner's failure to comply with the Court's order amounts not only to a failure to prosecute, but also an abandonment of his case for which dismissal is an appropriate sanction.

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed without prejudice.

**IN CHAMBERS** this 6th day of November, 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.